IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00207-MR
CRIMINAL CASE NO. 1:07-cr-00088-MR-1

WILLIAM HOWARD ONEIL, JR., )
)
    Petitioner, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [CV[1] Doc. 1] and on the Government's Motion to Dismiss [CV Doc. 6].

## BACKGROUND

On December 27, 2007, Petitioner pled guilty in this Court to bank robbery, in violation of 18 U.S.C. § 2113(a). [CR Doc. 11: Acceptance and Entry of Guilty Plea]. The presentence report ("PSR") noted that Petitioner had at least two prior convictions that triggered the career offender

---

[1] Because this Order requires citation to both the Petitioner's criminal case and his civil habeas case, the Court will refer to filings in the criminal case No. 1:07-cr-00088-MR-1 with the prefix "CR Doc. __" and to filings in the civil case No. 1:17-cv-00207-MR with the prefix "CV Doc. __."

enhancement under U.S.S.G. § 4B1.2, including the following: a 1990 North Carolina conviction for armed robbery, a 1991 North Carolina conviction for common law robbery, and a 1991 North Carolina conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI"). [CR Doc. 33 at ¶¶ 42, 56, 58: PSR]. Based on the career offender enhancement, Petitioner faced an advisory Guidelines range of 168 to 210 months. [CR Doc. 44 at 11-12: Sentencing Tr.]. On September 4, 2008, this Court imposed a sentence of 210 months. [CR Doc. 35: Judgment]. Petitioner appealed, and on November 23, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. [CR Doc. 45].

On June 26, 2015, in Johnson v. United States, the Supreme Court struck down as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a "violent felony" as any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." Id. at 2563.

On June 23, 2016, Petitioner filed the pending motion to vacate through the Federal Defender, raising a Johnson claim. [CV Doc. 1].

2

Petitioner argues that, under Johnson, his prior convictions for AWDWISI and common law robbery no longer qualify as career offender predicates.

On September 15, 2016, the Court placed Petitioner's motion in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455. In Beckles, the defendant argued that his career offender sentence was erroneously enhanced by the unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. [CV Doc. 5]. On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017).

On May 4, 2017, the Government filed the pending motion to dismiss, arguing that Petitioner's Johnson challenge to his sentence as a career offender has no validity in light of Beckles. [CV Doc. 6]. On May 9, 2017, the Court granted the Federal Defender's motion to withdraw from representation of Petitioner. [CV Doc. 8]. In the Court's order, the Court gave Petitioner twenty days to file a *pro se* response to the Government's motion to dismiss. [Id.]. On May 26, 2017, the *pro se* Petitioner filed a response, in which he once again argues that he is entitled to relief under Johnson. [CV Doc. 9].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As noted, Petitioner challenges his enhanced sentence as a career offender in light of Johnson. In Beckles, however, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. at 890. As the holding in Beckles forecloses Petitioner's Johnson claim, the Court will therefore grant the Government's motion to dismiss.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 6] is **GRANTED**, and Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 21, 2017

Martin Reidinger
United States District Judge